UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SYLVESTER JONES,

        Plaintiff,

-vs-                                            Case No. 6:04-cv-78-Orl-28KRS

UNITED SPACE ALLIANCE, L.L.C.,

        Defendant.

## ORDER

This cause is before the Court on Defendant's Renewed Motion for Award of Attorney's Fees (Doc. 93). Defendant seeks attorney's fees pursuant to Florida's offer-of-judgment statute, Section 768.79, for its defense of Plaintiff's state law claims.[1]

The assigned United States Magistrate Judge has issued a Report and Recommendation (Doc. 98) recommending that this motion be considered in conjunction with the motion for attorney's fees in another case, Yossifon v. City of Cocoa Beach, 6:02-cv-06-Orl-28KRS, on the basis that the ruling in that case would likely be determinative of the instant motion. Plaintiff has objected to the Report and Recommendation. (See Doc. 100).

---

[1] The Court is puzzled by the reference in Defendant's Renewed Motion to "Plaintiff's state law tort claims for negligent training and negligent supervision." (Doc. 93 at 10). No claims for negligent training or negligent supervision were brought in this case. (See Am. Compl., Doc. 3.) The state law claims were brought under the FCRA. (See id.)

This Court has made its ruling in the <u>Yossifon</u> case. The Court denied the attorney's fee motion, agreeing with the argument made by the Plaintiff in that case that Section 768.79 applies only to cases filed in Florida state courts; the <u>Yossifon</u> case was initially filed in federal court, not state court. As additional, alternative bases for denial of the fee motion, the Court also adopted the Report and Recommendation of the magistrate judge, which recommended the denial of the motion on the basis that Section 768.79 conflicts with Federal Rule of Civil Procedure 68 and with 42 U.S.C. §1988 as interpreted by the Supreme Court. The Court also receded from its ruling in the case of <u>Farmer v. United Space Alliance, L.L.C.</u>, Case No. 00-cv-189-Orl-28JGG (Doc. 164 in that case).

The instant case was initially filed in state court, (<u>see</u> Docs. 1&2), and after the case was removed to this Court, Defendant served an offer of judgment on Plaintiff under Section 768.79. (Offer of Judgment, Ex. A to Doc. 93). This case differs from <u>Yossifon</u> in that it was initially filed in state court, and thus the first rationale stated in the <u>Yossifon</u> Order is not applicable. However, the alternative bases for the denial of fees in <u>Yossifon</u>, as stated in the Report and Recommendation in that case - that Rule 68 conflicts with and preempts Section 768.79, and that Section 768.79 conflicts with 42 U.S.C. §1988 as interpreted by the Supreme Court - apply with equal force here.

In accordance with the foregoing, and with this Court's Order denying the motion for attorney's fees in <u>Yossifon v. City of Cocoa Beach</u>, 6:02-cv-06-Orl - 28KRS and the Report and Recommendation adopted by that Order, copies of which are attached hereto, it is **ORDERED** and **ADJUDGED** that Defendant's Renewed Motion for Award of Attorney's Fees (Doc. 93) is **DENIED.**

    **DONE** and **ORDERED** in Orlando, Florida this \_\_28\_\_ day of \_\_July\_\_, 2006.

                                                  JOHN ANTOON II
                                                United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party